WATERFALL, ECONOMIDIS,
  CALDWELL, HANSHAW & VILLAMANA, P.C.
5210 E. Williams Circle, #800
Tucson, AZ  85711
(520) 745-7810

Barry Kirschner/SBN 005592/PAN 31284
bkirschner@wechv.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Secheslingloff,<br>            Plaintiff,<br><br>vs.<br><br>The Prudential Insurance Company of America; and Southwest Gas Corporation,<br>            Defendants. | NO.<br><br>**COMPLAINT**<br><br>Assigned to: |

Plaintiff Jose Secheslingloff ("Secheslingloff") alleges:

1. Secheslingloff is a resident of Cochise County Arizona who has worked for Defendant Southwest Gas Corporation ("SWG") for his career as a Service Technician in southern Arizona. Secheslingloff is a participant in the Long Term Disability ("LTD") Plan of group disability insurance purchased from Defendant The Prudential Insurance Company of America ("Prudential").

2. The Plan and disability insurance at issue are subject to the Employee Retirement Income Security Act ("ERISA"). This Court has jurisdiction of this claim pursuant to 29 U.S.C. § 1132(a)(1)(3) and 29 U.S.C. § 1132(a)(3).

3. The purpose explicitly stated by Congress in ERISA at 29 U.S.C. § 1001(b) is:

> "It is hereby declared to be the policy of this chapter to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts."

4. All prerequisites to filing this civil action are satisfied. This matter is ripe for adjudication.

5. As Claim Administrator, Prudential owes a fiduciary duty to its participants including claimants such as Secheslingloff.

6. As Plan Administrator, SWG owes a fiduciary duty to its participants including claimants such as Secheslingloff, and is responsible for denial of valid claims.

7. On information and belief, any payment of LTD benefits under the Plan to Secheslingloff would be from Prudential and not reimbursed by SWG.

8. Prudential has a structural conflict of interest in connection with the decisions it makes regarding entitlement to benefits or continued benefits under the LTD contract.

9. Prudential, as Claim Administrator, is responsible for a standard of care in discharging duties owed to Secheslingloff with respect to ERISA discretional claims, to act solely in the interests of participants and beneficiaries of the Plan.

**THE OCCUPATION OF SERVICE TECHNICIAN**

10. Secheslingloff performed the duties of Service Technician for SWG from 1984 until 2012.

11. The job description from SWG of the occupation of Service Technician includes Physical and Special requirements as stated in Exhibit 1 to this Complaint.

12. The occupation performed by Secheslingloff for SWG called upon him to reliably perform in difficult conditions, with responsibility for the safety of customers and property on a daily basis.

13. Secheslingloff described these conditions and responsibilities to include:

> "Southwest Gas requires that, where there is a potential danger to a customer, the Service Technician must be able to take charge of the situation to preserve the safety of persons and property. This happened with great frequency–almost on a daily basis-where we had to deal with potential explosions or fires.

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810 FAX 520-745-1279

BK/gg/2/28/14
Complaint FNL.wpd

2

Secheslingloff v. Prudential.
C NEW

> One of the requirements of my job description was to implement "Hot Changes" on equipment. This meant keeping the customer and service lines energized while keeping the meter set and the gas running while performing the repairs. This is potentially dangerous because you are working with explosive energy.
>
> This occupation requires being able to drive pretty much all day and in all conditions."

14. The occupation, as performed by Secheslingloff, caused it to be common to crawl into an attic on a daily basis, climb a ladder eight or so times per day, and to drive constantly.

**SECHESLINGLOFF IS INJURED IN 2002 AND RETURNS TO HIS SERVICE TECHNICIAN OCCUPATION**

15. Secheslingloff suffered a severe injury falling off a ladder in 2002.

16. Secheslingloff worked months of light duty before returning to the Service Technician occupation, although he had continuing medical problems with his face and jaw.

17. Secheslingloff has been treated continually since 2002 for injuries from the accident, including by James Weaver, DDS.

18. There has been continuing recognition of severe headaches suffered by Secheslingloff, including from Dr. Weaver, treating physician Dr. Jasmine England, and Independent Medical Examiners (IME) doctors from the workers compensation related claim, including neurologist Leo Kahn and Ronald C. Quintia, DDS.

**SECHESLINGLOFF REQUIRES MEDICATION FOR PAIN**

19. Beginning in 2012, the pain suffered by Secheslingloff through his headaches was severe and he was prescribed medication, including a narcotic medication, to deal with his pain.

20. Secheslingloff continued to work until November 19, 2012.

21. SWG would not allow Secheslingloff to return to work while he was on

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810 FAX 520-745-1279

BK/gg/2/28/14
Complaint FNL.wpd

3

Secheslingloff v. Prudential.
C NEW

1    medications prescribed to allow him cope with his pain beginning in 2012.

2    22.  Secheslingloff received short term disability ("STD") benefits beginning in 2012
3         and continuing until February 2013.

4    23.  Treating physician Dr. Jasmine England stated that Secheslingloff was able to work,
5         but also stated that he would need one day off a week to deal with unpredictable
6         headache pain. Dr. England soon changed her estimate that the disabling headaches
7         may be on average, three times per week.

8    24.  Treating DDS Weaver has provided his opinion that Secheslingloff was disabled
9         because of his medication needs, which prevent him from performing emergency
10        or on call duties reliably.

11   25.  Defendants denied Secheslingloff's LTD claim for benefits.

12   26.  The Administrative Record ("AR") does not reflect that any physician states that the
13        medication prescribed for Secheslingloff's pain beginning in 2012 was medically
14        inappropriate or uncalled for, as treatment for his condition.

15   27.  Dr. Ronald C. Quintia, DDS, agrees with the current prescribed treatment, (with the
16        exception of ultrasound), and recommended pharmacologic therapy possibly
17        including muscle relaxants in his September 24, 2012 review. Dr. Quintia agreed
18        that Secheslingloff had continuing need for supportive care through the industrial
19        injury of 2002.

20   28.  Muscle relaxants generally have a byproduct of fatigue on the patient.

21   29.  Dr. Quintia diagnosed Secheslingloff with headaches, a component of cephalgia,
22        chronic bruxism, and clenching. Secheslingloff is predisposed to muscular facial
23        pain/myofacial pain dysfunction, which complicated his other medical ailments.

24   30.  At no time did Defendants establish evidence in the AR that SWG would accept
25        Secheslingloff as a Service Technician while he was taking the medications
26        prescribed for his pain as of November 2012.

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810 FAX 520-745-1279

BK/gg/2/28/14
Complaint FNL.wpd

4

Secheslingloff v. Prudential.
C NEW

31. The medications prescribed for Secheslingloff are reasonable to prescribe for his medical problems.

**PRUDENTIAL DENIES SECHESLINGLOFF'S ERISA APPEAL**

32. Defendants did not provide for an independent ~~medial~~ medical examination or rely on the testimony of any treating doctor to deny Secheslingloff's benefits.

33. The medical reviewing service retained by Defendants to assist Prudential prior to the denial of Secheslingloff's appeal, Reliable Review Service ("RRS"), did not cause its reviewing physician to ever meet, speak with, or examine Secheslingloff

34. The RRS work product never reflects an opinion regarding whether the medication prescribed for Secheslingloff is consistent with reasonable medical care of Secheslingloff as a patient.

35. On information and belief, RRS and David Hoenig, the physician writing the review on behalf of RRS and Prudential are, and are part of, a network marketing to insurance companies, such as Prudential, with signals of how they are likely to save money with the opinions expected from the medical reviewers.

36. Prudential is aware of the financial incentives of RRS and does not adequately protect the ERISA participant from having the opinions of treating physicians overruled (for purposes of disability benefits) by a company using doctors who never see or examine the patient/participant.

37. On information and belief, at no relevant time did Prudential verify with an occupational specialist that it would be appropriate for a Service Technician, while on call and performing his occupation, to take the medication prescribed for Secheslingloff.

38. On information and belief, Prudential has allowed its financial conflict of interest to influence its decision making on ERISA disability claims, including Secheslingloff.

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810 FAX 520-745-1279

BK/gg/2/28/14
Complaint FNL.wpd

5

Secheslingloff v. Prudential.
C NEW

39. To enable performance of his economic responsibilities while disabled from the Service Technician occupation and denial of LTD benefits, Secheslingloff applied for retirement benefits almost one decade before previously planned.

40. The receipt of retirement benefits, on information and belief, is interpreted by Defendants as "other income" which would reduce the amount of any disability benefit if Secheslingloff succeeds in this civil action.

41. The economic pressure on Secheslingloff from incorrectly being denied his timely LTD benefits has:

   a. Reduced the likely lifetime value of his retirement benefit;

   b. Reduced the LTD benefit amount he would receive if this civil action determines that Secheslingloff has met the LTD standards;

   c. Unjustly enriched Defendant(s) which have been placed in a position where they may be able to substantially gain financially from having made incorrect decisions to deny benefits; and

   d. Made the relief which is now available pursuant to 29 U.S.C. § 1132(a)(1)(B) inadequate.

## COUNT I

## DECLARATORY RELIEF

42. Secheslingloff incorporates all paragraphs above as if fully set forth herein.

43. Prudential and Defendants have a financial conflict of interest which has influenced LTD decision making adversely to the interests of Secheslingloff. For instance, the hardship caused by being denied LTD benefits has caused Secheslingloff to need to trigger early retirement benefits.

44. Defendants have breached their fiduciary duties by not performing their duties solely in the interests of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries as required by

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810 FAX 520-745-1279

BK/gg/2/28/14
Complaint FNL.wpd

6

Secheslingloff v. Prudential.
C NEW

ERISA, 29 U.S.C. § 1104(A)(1).

45. Secheslingloff seeks a declaration by this Court that he is entitled to long term disability benefits, and all other relief including equitable relief for detriment caused to employment benefits as a result, directly or indirectly, of Secheslingloff being incorrectly denied his LTD benefits, and an Order that:

   a. Secheslingloff be entitled to LTD benefits pursuant to his claim;

   b. Secheslingloff be entitled to LTD back benefits;

   c. The relief available to Secheslingloff from 29 U.S.C. § 1132(a)(1)(B) is not adequate and

   d. Limiting Secheslingloff to Section 1132(a)(1)(B) relief would be inequitable.

   e. That relief to Secheslingloff pursuant to 29 U.S.C. § 1132(a)(3) is proper.

   f. Secheslingloff be entitled to all other employee-related benefits which he would be entitled to if he had been timely awarded LTD benefits; and any adjustment needed to return Secheslingloff to the place he would have been had his LTD benefits been granted;

   g. Secheslingloff be awarded attorneys fees and costs in appropriate amounts from Defendants;

   h. Secheslingloff receive all relief appropriate under the circumstances, equitable or legal, including what is needed to correct any detrimental effect on all employee benefits plans which have been related to LTD benefits, or required as a result of the denial of these benefits; and

   i. Neither the Plan, Plan Administrator, nor Claim Administrator will be unjustly enriched as a result of the denial of timely LTD benefits to Secheslingloff, (*See Rochow v. LINA*, 737 F.3d 415 (6th Cir. 2013); Vacated February19, 2014.

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810 FAX 520-745-1279

BK/gg/2/28/14
Complaint FNL.wpd

7

Secheslingloff v. Prudential.
C NEW

j. If necessary to accomplish an adequate remedy, reformation of the LTD contract to disallow offset of Secheslingloff's retirement benefits as other income.

RESPECTFULLY SUBMITTED February 28, 2014.

WATERFALL, ECONOMIDIS, CALDWELL, HANSHAW & VILLAMANA, P.C.

By  s/Barry Kirschner
Attorneys for Plaintiff

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810 FAX 520-745-1279

BK/gg/2/28/14
Complaint FNL.wpd

8

Secheslingloff v. Prudential.
C NEW